FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 27, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>VERNICE ZANCO,<br><br>　　　　Defendant. | NO. 2:20-CV-00045-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY PROCEEDINGS AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

　　　Before the Court are Defendant's Motion to Stay Proceedings, ECF No. 13, and Rule 12(b)(6) Motion to Dismiss, ECF No. 6, and Plaintiff's Motion for Summary Judgment, ECF No. 7. The motions were originally noted for hearing on April 24, 2020, but due to Court closures related to the ongoing COVID-19 pandemic the Court considered the motions without oral argument. Having considered the briefing on the motions and the applicable caselaw and for the reasons discussed herein, the Court **denies** Defendant's Motion to Stay, **denies** Defendant's Motion to Dismiss, and **grants** Plaintiff's Motion for Summary Judgment.

//

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** * 1

**Facts and Procedural History**

1. <u>The Insurance Policy</u>

Defendant owns and operates an apartment complex in Spokane Valley, Washington, known as University South & East. *Id.* at 2.2. Plaintiff issued Defendant an Apartment Owners Liability Insurance policy from December 30, 2014 through December 30, 2015 for liability coverage arising out of the ownership, maintenance, or use of the University apartment building premises. ECF No. 1-1.

Relevant here are three provisions of the Policy: (1) the Designated Premises Endorsement; (2) the "Who Is an Insured" (WIAI) Clause; and (3) the Apartment Owners Common Policy Conditions.

The Designated Premises Endorsement provides as follows:

> "This insurance applies only to 'bodily injury'… arising out of the ownership, maintenance, or use of the premises shown in the Schedule and operations necessary or incidental to those premises. This endorsement is part of your policy. It supersedes and controls anything to the contrary. It is otherwise subject to all the terms of the policy."

ECF No. 1-1 at 92. The Policy defines the covered "premises" as 11009 E. 3rd Avenue, Spokane Valley, Washington, otherwise known as the University South & East apartment complex.

The WIAI Clause provides that the policy insures "Vernice Zanco University South & East LLC." ECF No. 1-1 at 84. As an LLC, the policy considers the LLC and its members as insureds, but only with respect to the conduct of the LLC's business. *Id.*

Finally, the Apartment Owners Common Policy Conditions provide in relevant part that:

> "This policy is void in any case of fraud by you as it relates to this policy at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning: (1) This policy; (2) The

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** \* 2

Covered Property; (3) Your interest in the Covered Property; or (4) A claim under this policy."

ECF No. 1, Ex. A at 100.

 2. State Tort Liability Action, *Quartararo v. Zanco*

On June 25, 2018, Kimberly Quartararo filed a personal injury lawsuit against Defendant in King County Superior Court, which was then transferred to Spokane County Superior Court on March 7, 2019 ("the Liability Action"). ECF No. 1-2 (state tort complaint). In the Liability Action, Quartararo alleges that she was an invited social guest at Defendant's home (not the University apartment complex) on Liberty Lake at 615 S. Shoreline Drive, Spokane County, Washington on June 27, 2015. Quartararo alleges that while she was a social guest, she was injured when she dove off the dock at Defendant's residence and hit her head on cement blocks attached to the dock. Quartararo further alleges that Defendant's son (and co-defendant in the Liability Action) either co-owned or co-occupied the residence with Defendant.

The Liability Action is ongoing. Defendant is currently being defended by Safeco Insurance Company pursuant to a homeowner's policy. Nearly a year into the Liability Action, Safeco tendered the complaint to Plaintiff, alleging that Defendant maintained a home office that implicated coverage under Plaintiff's Apartment Owner policy. ECF No. 1 at 2.8. Plaintiff agreed to defend Defendant in the Liability Action, but only pursuant to a full reservation of its rights. *Id.*

After Plaintiff agreed to defend, Defendant made further allegations that the social gathering at which Quartararo was injured served a "dual purpose" of business and pleasure. *Id.* at 2.9. However, Quartararo's complaint does not allege that the party had a dual purpose, nor does she allege that she was injured in connection with Defendant's home office or any operations necessary or incidental to the University apartment complex. Instead, Quartararo's complaints have consistently maintained that she was injured due to a latent defect in the dock at

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** * 3

Defendant's home, and that Defendant is liable as a homeowner. *Id.* at 2.10; ECF No. 1-2 at ¶¶ 47-53.

3. <u>Federal Declaratory Relief Action</u>

Plaintiff filed the instant action on January 29, 2020, seeking a declaratory judgment that it has no duty to defend or indemnify Defendant in the Liability Action because Defendant breached one or more policy conditions and requiring it to defend and indemnify would cause actual prejudice. ECF No. 1 at 3.1-3.4. Defendant filed her Motion to Dismiss, ECF No. 6, on February 19. Plaintiff filed its Motion for Summary Judgment, ECF No. 7, on March 5. Defendant filed her Motion to Stay Proceedings, ECF No. 13, on March 25.

**Defendant's Motion to Stay Proceedings**

The Court first considers Defendant's request that the Court stay this declaratory action until the completion of the Liability Action in state court. ECF No. 13. Defendant argues that not staying these proceedings would allow Plaintiff to engage in forum shopping and would require her to engage in piecemeal litigation, as other insurers who may not have a duty to defend are not party to these proceedings. Plaintiff argues that a stay is not warranted because there are no parallel state proceedings and resolving its Complaint would not involve unnecessary determinations of state law.

28 U.S.C. § 2201 provides that "any court of the United States…may declare the rights and other legal relations of any interested party seeking such declaration." However, a district court is not required to exercise jurisdiction over all declaratory judgment actions. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). A federal court should not exercise its discretion to grant declaratory relief "where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366-67 (9th Cir. 1991), *abrogated on other grounds by Wilton*, 515 U.S. at 289-91. In this context, the district court may either dismiss,

ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT * 4

abstain, or stay the federal action. *R.R. Street & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011).

In determining whether to exercise its jurisdiction, the Court should consider the following factors: (1) the avoidance of needless determinations of state law issues; (2) discouragement of forum shopping; and (3) avoidance of duplicative litigation. *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942); *Gov't. Employee Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc). Where there is no parallel state proceeding, "the court must balance concerns of judicial administration, comity, and fairness to the litigants in determining whether to exercise jurisdiction over a declaratory judgment action." *Evanston Ins. Co. v. Workland & Witherspoon, PLLC*, No. 2:14-CV-00193-RMP, 2014 WL 4715879 at *3 (E.D. Wash. Sept. 22, 2014).

Courts have discretion to abstain or stay from considering a declaratory judgment action if the federal case does not require resolution of legal or factual issues in dispute in the state court proceeding. To the contrary, the Washington Supreme Court routinely approves of insurers filing declaratory judgment actions during the pendency of state court actions where their coverage liability is uncertain. *Woo v. Fireman's Fund Ins. Co.*, 161 Wash.2d 43, 54 (2007). Indeed, "there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225.

1. Avoidance of Needless Determination of State Law Issues

The first factor does not weigh in favor of staying this case. Plaintiff's declaratory judgment action does not raise any federal claims, and instead raises only state law breach of contract and insurance claims. However, federal courts sitting in diversity—as here—frequently rule on issues of state law, and there is no presumption of abstention in insurance coverage cases. *Id*. Furthermore, where, as here, the state tort proceeding does not involve the same legal issues as the federal declaratory action, there is no requirement to abstain on this ground. *Am. Cas. Co.*

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** * 5

*of Reading, Penn. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). The instant federal action is not a parallel proceeding to the Liability Action because the same legal issues are not at play. *Id.* Thus, there is no presumption that these issues of state law should be determined in state court. There are no implications that the Court be required to decide unsettled issues of state law by considering Plaintiff's claims. *See Atl. Cas. Ins. Co. v. Bellinger*, 2:16-CV-00422-SAB, 2017 WL 1843714 at *1 (E.D. Wash. May 8, 2017). Thus, this factor weighs against staying the case.

2. Discouragement of Forum Shopping

The second factor is a closer call, but on balance does not weigh in favor of granting Defendant's motion and issuing a stay. Defendant's motion incorporates by reference the extensive history of the dispute between the parties. In 2018, Plaintiff and another insurance company brought a declaratory judgment action against Defendant in Spokane County Superior Court. ECF No. 14-2. The case continued through motions practice, and the court denied two of Plaintiff's motions for summary judgment. *See* ECF Nos. 14-3, 14-4. Plaintiff appealed the court's decisions, which were denied in October 2019 and January 2020, respectively. *See* ECF No. 14-5, 14-6. Two weeks prior to trial, Plaintiff voluntarily dismissed their claims pursuant to Washington State CR 41(a)(1)(B). *See* ECF No. 14-8. Defendant alleges she was not given advanced notice of the dismissal, nor was she given advanced notice of the filing of the Complaint in this matter. *See* ECF No. 13 at 5.

The claims brought and relief sought by Plaintiff in this action are largely the same as those in the dismissed state court action. It could be argued, then, that Plaintiff would get "a second bite at the apple" if the Court were to allow it to bring a declaratory judgment action in federal court after dismissing its state court declaratory judgment action. *See Krieger*, 181 F.3d at 1119. However, "the effect of a voluntary dismissal [in state court] is to render the proceedings a nullity and

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** * 6

leave[s] the parties as if the actions had never been brought." *Wachovia SBA Lending v. Kraft*, 138 Wash. App. 854, 861 (2007). Plaintiff was entirely within its rights to dismiss its state court action and file anew in federal court on the basis of diversity jurisdiction. Furthermore, the instant federal action was not filed until after dismissal of the state court action. *See Krieger*, 181 F.3d at 1119 ("This factor is understood to discourage an insurer from forum shopping, i.e., filing a federal court declaratory action to see if it might fare better in federal court *at the same time* the insurer is engaged in a state court action.") (emphasis added).

Given the fact that there is no pending state action in which Plaintiff could have its duties to defend or indemnify determined, the Court finds that the second *Brillhart* factor weighs against granting the stay.

3. Avoidance of Duplicative Litigation

The third *Brillhart* factor weighs against granting the stay. Despite Defendant's arguments to the contrary, it is not apparent to the Court that it would need to make any determinations of Defendant's ultimate tort liability to determine whether she is entitled to any coverage from Plaintiff. An insurer's duty to defend is evaluated based on the allegations contained in the liability action complaint, not on a claimant's ultimate liability. *Truck Ins. Exch. v. Vanport Homes, Inc.*, 147 Wash.2d 751, 760 (2002). Thus, there is no need to avoid duplicative litigation because the instant federal action is the only forum in which Plaintiff's duty to defend is in question. Accordingly, this facto weighs against granting the stay.

4. Concerns of Judicial Administration, Comity, and Fairness to Litigants

Finally, concerns of judicial administration, comity, and fairness to litigants does not require the Court to stay the declaratory judgment action. "While it may be inconvenient for Defendants to litigate in two separate courts simultaneously, it would be equally inconvenient for [Plaintiff] to defend Defendant against state court claims that this Court later may determine are not covered by the policy." *Evanston Ins. Co.*, 2014 WL 4715879 at *7.

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** * 7

5. Conclusion

The Court finds that the balance of the *Brillhart* factors and considerations of judicial administration, comity, and fairness do not weigh in favor of staying this case. Indeed, courts frequently approve of declaratory judgment actions brought by insurance companies for the sole purpose of determining whether there is a duty to defend or indemnify. *Vanport Homes*, 147 Wash.2d at 760. Accordingly, the Court **denies** Defendant's Motion to Stay Proceedings.

### Defendant's Motion to Dismiss

Defendant also filed a Rule 12(b)(6) Motion to Dismiss, arguing that the Complaint should be dismissed because the Complaint fails to allege a "short and plain statement of the claim" and fails to state with particularity fraud claims. ECF No. 6 at 1. Defendant requests that the Court be dismissed with leave to amend. *Id.* at 2. In response, Plaintiff argues that its Complaint should not be dismissed because it adequately pled its claims. ECF No. 11.

1. Rule 12(b)(6) Standard

Rule 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under his rule is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a 12(b)(6) motion, the court accepts the allegations in the complaint as true and construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Levit v. Yelp!, Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (requirements of notice pleading are met if plaintiff makes a short and plain

statement of their claims). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be enough to raise the right to relief about a speculative level. *Twombly*, 550 U.S. at 555. For certain claims, such as fraud, the plaintiff must state the circumstances giving rise to the fraud claim with particularity. Fed. R. Civ. P. 9(b). Dismissal without leave to amend is proper only if it is absolutely clear that deficiencies in the complaint cannot be corrected by amendment. *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

2. <u>Discussion</u>

Contrary to Defendant's arguments, Plaintiff has satisfied the requirements of notice pleading because its Complaint states the elements of declaratory relief and states sufficient facts to give Defendant notice of the claims against her. *See Levit*, 765 F.3d at 1135. Plaintiff plainly alleges that it has no duty to defend or indemnify Defendant in the Liability Action because she allegedly breached several terms of the insurance contract. These allegations are sufficient to place Defendant on notice of the claims against her.

Defendant is also incorrect that Plaintiff's Complaint should be dismissed because it fails to state with particularity the facts giving rise to a fraud claim. Plaintiff alleges that Defendant and another insurance provider made statements that induced it to defend Defendant in the Liability Action. Plaintiff cites in its Complaint a provision of the insurance policy that provides that an insured's misrepresentations or fraud voids the policy.

The Washington Supreme Court analyzed a nearly identical provision in *Mut. of Enumclaw Ins. Co. v. Cox*, 110 Wash.2d 643 (1988). There, the Court held that an insured's breach of such a provision during the claims process voids the policy and precludes the payment of any benefit that would have otherwise been

available. *Id.* at 648-49. To void coverage pursuant to the policy, the insurer need only show the insured made a misrepresentation by a preponderance of the evidence, and it need not show that it was prejudiced by the alleged fraud. *Ki Sin Kim v. Allstate Ins. Co., Inc.*, 153 Wash. App. 339, 355 (2009). Where an insured knowingly makes a false or misleading statement, courts will presume that the insured intended to deceive the insurance company and the burden shifts to the insured to establish an honest or innocent intent. *Reverse Now VII, LLC v. Oregon Mut. Ins. Co.*, 341 F. Supp. 3d 1233, 1237 (W.D. Wash. 2018).

Plaintiff's Complaint explicitly alleges that Defendant and another insurance company made representations to Plaintiff to establish coverage that did not appear on the face of the Liability Action Complaint. *See* ECF No. 1 at 2.7-2.10. Although Defendant is correct that Rule 9(b) applies to all civil cases in federal court that bring claims sounding in fraud, *see Vess v. Ciba-Giegy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2002), Plaintiff has stated its claims with sufficient particularity. Plaintiff alleges that Defendant made material misrepresentations about (1) the purpose of the party at which the Liability Action plaintiff alleges she was injured and (2) the presence of a home office at Defendant's home.

3. Conclusion

Because the Court has a duty to draw all reasonable inferences in favor of Plaintiff as the non-moving party, it can be inferred that Plaintiff has stated a claim for breach of policy conditions due to fraud. Accordingly, the Court **denies** Defendant's Rule 12(b)(6) Motion to Dismiss.

**Plaintiff's Motion for Summary Judgment**

Finally, the Court considers Plaintiff's Motion for Summary Judgment, ECF No. 7. Plaintiff argues that it is entitled to summary judgment because there are no disputes of material fact and because, as a matter of law, it has no duty to defend or indemnify Defendant in the Liability Action. ECF No. 7 at 1. In particular, Plaintiff raises three arguments: (1) on the face of the Liability Action Complaint, it has no

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** \* 10

duty to defend or indemnify; (2) Plaintiff has no duty to defend or indemnify under the Designated Premises Endorsement; and (3) Plaintiff has no duty to defend or indemnify under the WIAI Clause. Defendant argues that the motion should not be granted because there are genuine disputes of material fact. For the reasons discussed herein, the Court **grants** Plaintiff's Motion for Summary Judgment.

1. <u>Summary Judgment Standard</u>

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

In addition to showing there are no questions of material fact, the moving party must also show it is entitled to judgment as a matter of law. *Smith v. Univ. of Wash. Law Sch.*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the non-moving party has the burden of proof. *Celotex*, 477 U.S. at 323. The non-moving party cannot rely on conclusory allegations alone to create an issue of material fact. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993).

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** * 11

2. <u>Legal Standard: Interpretation of Insurance Contracts</u>

Interpretation of insurance policies is a question of law, in which the policy is construed as a whole and each clause is given force and effect. *Overton v. Consol. Ins. Co.*, 145 Wash.2d 417, 424 (2002). The terms of a policy should be given a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Id*. The court must enforce the policy as written if the language is clear and unambiguous. *Morgan v. Prudential Ins. Co. of Am.*, 86 Wash.2d 432, 434 (1976). If the contract is ambiguous, the contract will be construed in favor of the insured. *Id*. at 435. The policy will not be given a forced or constrained construction that would lead to an absurd conclusion or that would render the contract ineffective. *Wash. Pub. Util. Dist. Utils. Sys. v. Pub. Util. Dist. No. 1 of Clallam Cnty.*, 112 Wash.2d 1, 11 (1989). When coverage is not provided, the policy will not be rewritten to do so. *Grange Ins. Co. v. Brosseau*, 113 Wash.2d 91, 99-100 (1989). To determine whether a policy covers a claim, the court must make two determinations: (1) whether the insured has established that the claim falls within the scope of coverage; and (2) whether any exclusions bar the claim. *McDonald v. State Farm Fire & Cas. Co.*, 119 Wash.2d 724, 731 (1992).

Whether a lawsuit triggers a duty to defend is a question of law. *Webb v. USAA Cas. Ins. Co.*, --- Wash. App. 2d ---, 2020 WL 812137 at *5 (2020). This determination is made based on the facts alleged in the underlying complaint and the terms of the insurance contract. *Woo*, 161 Wash.2d at 52-53 (describing the eight corners rule). The duty to defend hinges on whether the complaint contains any factual allegations that render the insurer liable to the insured under the policy. *State Farm v. Emerson*, 102 Wash.2d 477, 486 (1984). When coverage is clearly inapplicable to the facts alleged in the underlying complaint, the insurer has no duty to defend. *Id*.

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** * 12

There are two exceptions to the eight corners rule. First, if the complaint's allegations are unclear, the insurer must investigate to determine if the true facts of the claim could conceivably give rise to a duty to defend. *United Servs. Auto. Ass'n v. Speed*, 179 Wash. App. 184, 194-95 (2014). Second, if the allegations in the complaint conflict with known facts or are ambiguous or inadequate, the insurer may consider facts outside the complaint in order to trigger a duty to defend. *Id*. However, insurers do not have an unlimited duty to defend and do not have to defend claims that clearly fall outside the terms of the policy. *Id*. at 195-97.

3. <u>Analysis</u>

In its motion, Plaintiff points to three separate grounds for summary judgment. First, Plaintiff argues that there is no overage of the claims in the Liability Action based on the eight corners of the Complaint in the Liability Action and the Policy. Second, Plaintiff argues that the Designated Premises endorsement, which limits coverage to bodily injury arising out of the ownership, maintenance, and use of the covered apartment complex and operations necessary or incidental to the apartment complex, excludes coverage. ECF No. 7 at 1-2. Plaintiff argues that because the claimed injury in the state tort proceeding occurred at Defendant's home—and not at the covered apartment complex—and is alleged to have arisen out of a defect in her dock and not anything to do with the apartment complex, the claim does not fall within the scope of coverage. *Id.* at 2. Third, Plaintiff asserts that it is entitled to summary judgment because the underlying tort claim does not fall within the scope of coverage afforded by the "Who Is an Insured" clause, which provides that Defendant is an insured only with respect to the conduct of her business. *Id.* at 2.

In response, Defendant argues that the party that gave rise to the claims in the Liability Action had a dual business-pleasure purpose, thus giving rise to coverage under the Policy. Defendant also argues that, because she keeps a home office from which she manages the apartment complex, the policy is implicated.

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** \* 13

a. *Whether There Are Any Genuine Disputes of Material Fact*

Plaintiff argues that, based on the facts alleged in the Liability Action Complaint, there are no facts related to the business of running Defendant's apartment building, and therefore there are no genuine disputes of material facts. In response, Defendant argues that extrinsic facts suggest that the events giving rise to the Liability Action had a dual business-pleasure purpose and that the Policy is therefore implicated. ECF No. 16 at 1-2. Defendant also argues that because Defendant has a home office, the Policy is implicated.

Under Washington law, an insurer s permitted to use the eight corners rule to determine whether there is an issue of fact or law that could conceivably result in coverage under the policy. *Xia v. ProBuilders Specialty Ins. Co. RRG*, 188 Wash.2d 171, 182 (2017); *Safeco Ins. Co. of Am. v. Wolk*, 342 F. Supp. 3d 1104, 1108 (W.D. Wash. 2018). Facts outside the eight corners of the underlying complaint and the insurance policy may be considered only if the "true" allegations are unknown because the complaint allegations are unclear or if the complaint allegations conflict with known facts or are ambiguous or inadequate. *Speed*, 179 Wash. App. at 195-97.

To the extent Defendant seeks to rely on facts outside of the Liability Action complaint to show that Plaintiff has a duty to defend, those facts cannot be considered because they are not material. The Liability Action alleges that Defendant is liable due to a failure to warn of a condition in her home's dock. There are no allegations on the face of the Liability Action complaint that the dock's condition was related to any business purpose or the University apartment complex. Indeed, the complaint does not even mention the University complex or any of Defendant's business endeavors. Indeed, the Liability Action alleges that Defendant is liable as a homeowner, not as a business owner.

Under the eight corners rule, the Court cannot consider Defendant's extrinsic facts because the facts do not rely on the true allegations as detailed in the Liability

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** \* 14

Action complaint and because the allegations in the Liability Action complaint are not ambiguous or inadequate to determine coverage. Thus, those extrinsic facts are not material; they do not make it more likely than not that Defendant would succeed on its claims. *See, e.g., Am. Fam. Mut. Ins. Co. SI v. Bell*, No. C18-59790RBL, 2019 WL 2339965 at *2 (W.D. Wash. June 3, 2019). Accordingly, there is no genuine dispute of material fact.

      b. *Whether Plaintiff is Entitled to Judgment as a Matter of Law*

Plaintiff argues that it is entitled to judgment as a matter of law on three grounds: (1) Plaintiff has no duty to defend or indemnify because there is no possibility of coverage under the Policy; (2) if there is coverage under the terms of the policy, the DPE clause bars coverage; or (3) if there is coverage under the terms of the policy, the WIAI clause bars coverage. Defendant argues that Plaintiff is not entitled to summary judgment on any of these grounds because the events giving rise to the underlying Liability Action are covered by the terms of the policy. Defendant also argues the DPE clause and the WIAI clause do not bar coverage.

      i. Whether Plaintiff has a Duty to Defend or Indemnify under the Terms of the Policy

Whether Plaintiff has a duty to defend or indemnify Defendant in the Liability Action is determined from the eight corners of the Liability Action complaint and the terms of the Policy. *Xia*, 188 Wash.2d at 182. The Liability Action complaint alleges the following facts:

- Defendant owned the residential property at 615 S. Shoreline Drive, Spokane County, Washington;
- Defendant's son keeps a boat at his mother's house, and he is an authorized agent of Defendant allowed to invite guests to the house;
- The dock at the residential property is owned and maintained by Defendant;
- The dock constitutes an artificial and known dangerous condition;
- Defendant did not provide warning signs on the dock;

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** * 15

- The plaintiff in the Liability Action was a social guest of Defendant's son, and she was invited to swim and boat at Defendant's home;
- The plaintiff dove off the dock, and her head hit a cement block connected to the dock, sustaining personal injuries; and
- Defendant owed a duty of care to the plaintiff to maintain the dock in a safe condition.

Nowhere in the Liability Action does the plaintiff mention Defendant's business or the University apartment complex, nor are there references to a home office or any business-related purpose of the party. In addition, the Liability Action does not name Vernice Zanco University South & East as a party. The Liability Action complaint does not allege that the injury occurred at the apartment complex or that it occurred with any connection to the operations necessary or incidental to the apartment complex. Indeed, the Liability Action appears to be a run-of-the-mill personal injury action against Defendant in her capacity as a homeowner.

        ii.  Whether the DPE Clause Bars Coverage

Plaintiff also argues that, even if there was a possibility of coverage under the eight corners rule, coverage would be excluded because of the Designated Premises Endorsement. Defendant argues that the DPE is ambiguous, and that on its terms the policy covers any occurrence that occurs within the United States, Puerto Rico, and Canada, rather than just occurrences at the University complex or occurrences incidental to the operation of the University complex. For the reasons discussed herein, Plaintiff is entitled to judgment as a matter of law because the DPE bars coverage.

The DPE is in the Policy as an endorsement modifying the terms of the original insurance contract. At the top of the page with the clause, it reads in bold and all caps font: "THIS ENDORSEMENT CHANGES THE POLICY." By its terms, the DPE provides that:

> "This insurance applies only to 'bodily injury'… arising out of the ownership, maintenance, or use of the premises shown in the Schedule and

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** * 16

> operations necessary or incidental to those premises. This endorsement is part of your policy. It supersedes and controls anything to the contrary. It is otherwise subject to all the terms of the policy."

ECF No. 1, Ex. A at 92. Plaintiff has not argued that the policy covers only injuries that occur at the designated premises (here, the University apartment complex).

Washington law provides that an endorsement supersedes the original terms of the policy and becomes a part of the original insurance contract. *Ku Suen Lui v. Essex Ins. Co.*, 185 Wash.2d 703, 711-12 (2016). Specific language in an endorsement is not rendered ambiguous by general terms of the policy that the endorsement is intended to modify. *Mut. of Enumclaw Ins. Co. v. Patrick Archer Const. Inc.*, 123 Wash. App. 728, 738 (2004).

Here, the DPE modifies the general terms of the policy cited by Defendant to cover all injuries that occur in the United States, Puerto Rico, and Canada. Pursuant to the DPE, the policy covers only injuries that arise out of the ownership, maintenance, use, or operations necessary or incidental to the University complex. The injury at issue in the Liability Action occurred at somewhere other than the designated premises, the claim involves no allegations regarding the designated premises, and the designated premise and business incidental to it had no role in the events giving rise to the claims in the Liability Action. *See generally* ECF No.1 Exs. A and B.

Indeed, in discovery in the Liability Action, Defendant admits that the plaintiff in the Liability Action was a social guest, not a business partner or someone at her home for business purposes. *See* ECF No. 9-1, Answer to RFA No. 9. Defendant's extrinsic argument that, because Defendant's son is an employee of the apartment complex business and he was socializing with other employees, construing the policy to apply to anything he does with those friends as "incidental" to apartment operations is absurd. *See Pub. Util. Dist. No. 1 of*

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** * 17

*Clallam Cnty.*, 112 Wash.2d at 11 (court will not construe an insurance contract to apply to a given circumstance if that construction would be absurd).

Thus, based on the plain allegations of the Liability Action complaint and the limits imposed by the DPE, Plaintiff has no duty to defend or indemnify Defendant in the Liability Action. There are no allegations in the Liability Action that could lead to the conclusion that the condition of the dock at Defendant's home was related to any operation or activity of the University complex. Because there is no causal connection between the University complex and the injury alleged in the Liability Action, the DPE precludes coverage.

### iii. Whether the WIAI Clause Bars Coverage

Plaintiff also argues that the application of the WIAI clause is another independent basis for summary judgment. Plaintiff argues the WIAI clause requires that, in order to trigger coverage under the policy, Defendant's alleged liability be "with respect to the conduct of a business" of which she is the sole owner. In response, Plaintiff argues that she is not the sole owner of the University complex, so there is no coverage under the Policy. Second, Plaintiff argues that because the Liability Action complaint makes no allegations against Defendant for business conduct, she is not an "insured" for purposes of the Liability Action. As above, Defendant relies on extrinsic facts to argue that the events giving rise to the Liability Action had a business purpose and therefore coverage is triggered.

Based on the undisputed facts in the Liability Action and because the Court cannot consider the extrinsic facts put forth by Defendant, there is no coverage due to the WIAI clause. It is undisputed that there are no facts alleged in the Liability Action connecting the condition of the dock and Defendant's potential liability to any business conduct. The claims against Defendant are unrelated to the conduct of her business, the University apartment complex LLC is not a defendant, and there are no claims against Defendant that are attributable to that LLC. Defendant cannot

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** \* 18

rely on extrinsic facts to change this where neither exception to the eight corners rule applies.

4. Conclusion

Plaintiff is entitled to summary judgment. There are no genuine disputes of material fact. Although Defendant attempts to introduce extrinsic evidence to create a dispute, these disputes are not of material fact because they do not change the outcome of the Court's analysis. *See Montes v. City of Yakima*, 40 F. Supp. 3d 1377, 1386 (E.D. Wash. 2014). Plaintiff is entitled to judgment as a matter of law because there is no coverage under the policy. Accordingly, Plaintiff's Motion for Summary Judgment is **granted**.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Stay Proceedings, ECF No. 13, is **DENIED**.

2. Defendant's Rule 12(b)(6) Motion to Dismiss, ECF No. 6, is **DENIED**.

3. Plaintiff's Motion for Summary Judgment, ECF No. 7, is **GRANTED**.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant declaring as a matter of law that:

> 1. The Mid-Century Insurance Company "Apartment Owners Liability Insurance Policy" No. 60487-27070 issued to Vernice Zanco University South & East LLC does not provide for either the defense of, or indemnity coverage for, the personal injury claims and alleged damages plead in any of the subject lawsuits involving claims by Kimberly Quartararo against Vernice Zanco occurring at Vernice Zanco's personal home at 615 S. Shoreline Drive, Spokane County, Washington on June 27, 2015; and
>
> 2. Mid-Century Insurance Company has no further duty to defend defendant Vernice Zanco in any of the subject lawsuits involving claims by Kimberly Quartararo against Vernice Zanco occurring at

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** * 19

<s></s><s></s><s></s><s></s><s></s><s></s><s></s><s></s><s></s><s></s><s></s>

Vernice Zanco's personal home on June 27, 2015 and may withdraw from her defense.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, enter declaratory judgment in favor of Plaintiff and against Defendant, to provide copies to counsel, and **close** the file.

**DATED** this 27th day of April 2020.



/s/ Stanley A. Bastian

Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO STAY AND MOTION TO DISMISS; GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** * 20